IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | No. 04 CR 797 |
| | ) | |
| BOBBY SHARP, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Bobby Sharp has filed eleven pretrial motions. The government has responded. This case has all the earmarks of being essentially an open-file case. We deal with each of the motions in turn.

(1) Motion for disclosure of impeaching or otherwise exculpatory information and evidence. The government recognizes its obligation to disclose such information and is prepared to do so should any such evidence arise. That is sufficient. The motion is denied as moot.

(2) Motion for pretrial production of Jencks Act material. The court cannot order the pretrial disclosure of that material, although pretrial disclosure greatly facilitates trial. The government has agreed to provide any such material one week before trial, so long as defendant likewise agrees to provide any statements or reports relating to defense witnesses one week prior to trial as well. That motion is denied.

(3) Motion to require the government to make a Santiago proffer statement. The government responds that it has not yet determined what co-conspirator statements it intends to rely upon at trial. If the government is going to rely upon co-conspirator statements, the

government should make a Santiago proffer statement two weeks prior to trial.

(4) Motion for discovery and preservation of agents' notes. The government has already agreed to do so and thus the motion is denied as moot.

(5) Motion for production of informants. The government has advised that there were no informants and therefore the motion is denied as moot.

(6) Motion for pretrial list of witnesses. The government agrees to file a witness list according to a schedule set by the court. The court directs that the list be provided two weeks before trial and that the order of testimony be provided two days in advance of a witness' testimony. While we recognize that the defendant cannot know with any certainty whom he may call as witnesses prior to knowing whom the government intends to call, and what develops during trial, we do direct the defendant to keep the government advised of whom he intends to call when a decision to call the witness is made.

(7) Motion compelling immediate disclosure of existence and substance of promises of immunity, leniency or preferential treatment. The government agrees to disclose any such promises that may be made. We direct that it do so at the time it furnishes its list of witnesses.

(8) Motion reserving the right to file supporting memoranda and/or additional motions. That is granted.

(9) Motion for an order requiring disclosure of expert testimony. The government advises that it has retained no experts and has no present intention to rely on expert testimony in this case. It agrees, however, to comply with Federal Rule of Criminal Procedure 16(a)(1)(G) if it should change its mind. The motion is denied, therefore, as moot.

(10) Motion to adopt motions of co-defendant. The co-defendant has filed no pretrial motions and the motion is therefore denied as moot.

(11) Motion for early return on trial subpoenas and issuance thereof *in forma pauperis*. That motion is granted. Defendant shall promptly provide the government with whatever material he receives by use of such subpoenas, and the government is directed to do the same.

                                                 JAMES B. MORAN
                                         Senior Judge, U. S. District Court

June 8, 2005.